*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND*

| | | |
|---|---|---|
| **JANE DOE** | * | |
| c/o Cockey, Brennan & | * | |
| Maloney, P.C. | * | |
| 313 Lemmon Hill Lane | * | |
| Salisbury, Maryland 21801 | * | |
| *Plaintiff* | * | **CASE NO.:**_____ |
| **v.** | * | |
| **GUYVENSON SENECHARLES** | * | |
| 201 College Park Drive, Suite 5 | * | |
| Georgetown, Delaware 19947 | * | |
| **And** | * | |
| **THE CELLULAR** | * | |
| **CONNECTION, LLC** | * | |
| 525 Congressional Boulevard | * | |
| Carmel, Indiana 46032 | * | |
| **SERVE:** | * | |
| The Corporation Trust | * | |
| Incorporated | * | |
| 2405 York Road, Suite 201 | * | |
| Lutherville Timonium, MD | * | |
| 21093 | * | |
| *Defendant* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe ("**Ms. Doe**") through counsel submits this Memorandum

in support of her Motion to Proceed Under Pseudonym.

## I.     Factual Background

On Friday, August 2, 2024, Ms. Doe and her family members visited the TCC authorized Verizon Store located at 11347 Samuel Bowen Boulevard, Berlin, Maryland 21811 to upgrade their mobile phones as part of a promotion offered by Verizon. Upon arriving at the TCC Verizon Store in Berlin, Maryland around 6:00 p.m., Ms. Doe and her family members were assisted by Guyvenson Senecharles ("**Mr. Senecharles**"), an Area Sales Consultant who traveled among the TCC Verizon Stores in the region. Ms. Doe and her family members turned over their phones to Mr. Senecharles for processing and included a sticky note which included their phone passcodes.

That night, Mr. Senecharles began the phone upgrades for Ms. Doe and her family members. Specifically, Mr. Senecharles set up the new phones belonging to Ms. Doe and her family by transferring all the data from their old phones to their new phones. While Mr. Senecharles was upgrading the phones, he urged Ms. Doe and her family to leave and come back to pick up their new phones later that night. Upon the recommendation of Mr. Senecharles, Ms. Doe and her family left the TCC Verizon Store in Berlin, Maryland around 7:30 p.m. to attend dinner. Ms. Doe and her family returned around 9:30 p.m., at which time Mr. Senecharles was finishing up the phone transfers.

Ms. Doe received her new phone that night and removed the sticky note containing her phone passcode. Mr. Senecharles improperly informed Ms. Doe and her family that they would have to "turn-in" their old phones as a part of the upgrade deal – a fact which later turned out to be false and against company

policy. As a result of the misrepresentations made by Mr. Senecharles, Ms. Doe and her family turned their old phones in to Mr. Senecharles.

On Sunday, August 4, 2024, Ms. Doe discovered sexually explicit photographs and videos in her camera roll on her new phone. The sexually explicit photographs and videos were of Ms. Doe and her boyfriend when she was approximately fifteen (15) to seventeen (17) years old. The sexually explicit photographs and videos of Ms. Doe were previously located in a hidden and locked album on her old phone and were not present in her camera roll until after Mr. Senecharles had access to her phone while she was at dinner on Friday, August 2, 2024.

Upon information and belief, Mr. Senecharles accessed the hidden and locked album on Ms. Doe's old phone by using Ms. Doe's phone passcode which was provided to Mr. Senecharles on a sticky note on Friday, August 2, 2024. Further, Mr. Senecharles selected specific explicit photographs and videos depicting Ms. Doe in a sexual nature. Indeed, not all of the photographs and videos located in the hidden and locked album were found on Ms. Doe's camera roll. Clearly, Mr. Senecharles accessed, viewed, and selected which photographs and videos appealed to him the most. Notably, upon information and belief, Mr. Senecharles disclosed the sexually explicit photographs and videos which appeared in Ms. Doe's camera roll.

## II.    Relevant Law

The Violence Against Women Act ("**VAWA**") allows this Court to grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.

15 U.S.C. § 6851(b)(3)(B). Additionally, in the Fourth Circuit, trial courts consider motions by plaintiffs to proceed under a pseudonym in accordance with their discretionary authority to manage a case where the specific facts indicate that "privacy and confidentiality concerns" may outweigh "the general presumption of openness of judicial proceedings." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also Co. Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). The Fourth Circuit has provided a non-exclusive five-factor test to guide this discretion. *Id.* at 238-39. These non-exclusive factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238. This test has been used to allow plaintiffs to proceed anonymously in civil cases in Maryland arising out of pornography. *See K.I. v. Tyagi*, No. 1:23-CV-02383-JRR, 2024 WL 342899 (D. Md. Jan. 30, 2024) (granting motion to proceed anonymously in revenge pornography case).

### III.   Analysis

> **A.     *Factor One – [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature.***

Here, Ms. Doe moves to proceed under a pseudonym because she alleges in her Complaint that an employee of TCC improperly accessed and disclosed sexually explicit photographs and videos depicting Ms. Doe and her boyfriend in a sexual nature when Ms. Doe was approximately fifteen (15) to seventeen (17) years old. The explicit photographs and videos of Ms. Doe and her boyfriend constitute child pornography and present a sufficient justification for proceeding anonymously in order to preserve Ms. Doe's legitimate privacy interest in a matter of sensitive and highly personal nature. Therefore, this factor strongly favors Ms. Doe.

**B.    Factor Two – [W]hether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties.**

Here, Ms. Doe will suffer needless mental harm if required to use her legal name in court documents in connection with sexually explicit photographs and videos of Ms. Doe and her boyfriend when she was underage. In today's internet age, court filings "are likely to remain pervasively available." *EEOC v. Spoa*, 2013 WL 5634337 at *3. "It is not simply that [Ms. Doe] may face embarrassment from this widespread disclosure, … but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access." *Id.* Additionally, the sexually explicit photographs and videos do not just depict Ms. Doe in a sexual nature, but also her ex-boyfriend who is not a party to this case. Therefore, this factor strongly favors Ms. Doe.

**C.    Factor Three – [T]he ages of the persons whose privacy interests are sought to be protected.**

Page 5 of 7

Currently, Ms. Doe is over the age of eighteen (18); however, the sexually explicit photographs and videos improperly accessed and disclosed from her phone by Mr. Senecharles were taken when she was approximately fifteen (15) to seventeen (17) years old. These sexually explicit photographs and videos depict child pornography. Therefore, this factor strongly favors Ms. Doe.

### D.    Factor Four – [W]hether the action is against a governmental or private party.

Under the fourth factor, the public's interest in disclosure of a plaintiff's identity is "heightened" where defendants are "public officials and governmental bodies." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Here, the parties are all non-governmental; thus, this factor strongly favors Ms. Doe.

### E.    Factor Five – [T]he risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Here, there is no prejudice to the Defendants because Ms. Doe is willing to proceed under her full legal name and identity at trial. As a result, Defendants' ability to cross-examine Ms. Doe will not be impeded, and the jury will not be implicitly swayed by the granting of anonymity to believe that the court itself favors Ms. Doe's testimony or side. *See James v. Jacobson,* 6 F.3d at 240-41; *EEOC v. Spoa,* 2013 WL 5634337 at *3 ("Moreover, because Doe will appear under her legal name in open court, there is no risk that the court's limited grant of anonymity would implicitly influence the jury should this case advance to trial."). Additionally, Ms. Doe will disclose her identity to Defendants and Defendants' counsel only, so that they may adequately investigate and respond

to Ms. Doe's allegations, and will not be prejudiced by surprise. Therefore, this factor strongly favors Ms. Doe.

## IV.    Conclusion

Plaintiff Ms. Doe through counsel respectfully requests that her Motion to Proceed Under Pseudonym be granted for the reasons stated in this Memorandum.

/s/ Robin R. Cockey, Esquire

_____
ROBIN R. COCKEY, ESQUIRE
Federal Bar No.: 02657
COCKEY, BRENNAN & MALONEY, P.C.
313 Lemmon Hill Lane
Salisbury, Maryland 21801
Telephone: 410-546-1750
Fax: 410-546-1811
Email: rrcesq@cbmlawfirm.com
*Attorney for Plaintiff*